IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MATTHEW DEC, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) | 2:14-cv-01019 |
|  | ) |  |
| v. | ) | Judge Mark R. Hornak |
|  | ) |  |
| LISA WEILAND LOTZ, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

The Plaintiff, Matthew Dec, seeks leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2), this Court is obligated to examine the proposed Complaint to determine whether it states a claim upon which relief may be granted. If not, the Court is obligated to dismiss the Complaint, with or without leave to amend. While the Court is obligated to treat liberally the pleadings of a *pro se* plaintiff such as the Plaintiff here, and accept as true all of the facts pled and give the Plaintiff the benefit of all reasonable and plausible inferences, the Court is nonetheless to apply an objective standard to determine if the Complaint meets that minimally necessary standard. *Neitzke v. Williams*, 490 U.S. 319, 325-27 (1989). In doing this, the Court is to apply the same standard as is used in evaluating a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Powell v. Hoover*, 956 F. Supp. 565, 568 (M.D. Pa. 1997). Here, even with that very light evaluative standard, the proposed Complaint falls woefully short.

The Plaintiff invokes this Court's jurisdiction under "Rule 60(b)(4)", a civil rule that does not provide jurisdiction here, but instead relates to providing relief from a prior judgment as void. Plaintiff makes no reference at all to any prior judgment, or what the nature of any such judgment is, or why relief is necessary or proper. In short, the Complaint, no matter how liberally

read, gives the Court absolutely no idea why this Court has adjudicative power over this case, or what the basis for "relief from a judgment" would or could be.

Second, the Plaintiff purports to sue "Lisa Ann Weiland", and says that she is resident of Butler County, Pennsylvania (as is the Plaintiff, destroying jurisdiction under 28 U.S.C. §1332(a)), but says nothing more about who she is, what she did to the Plaintiff, or how she would factor into any relief theoretically available in this Court. The Plaintiff then goes on to ask for writ of mandamus against an unidentified Clerk of Court, and then says that he seeks no damages.

Plaintiff also makes a generalized reference to a conviction, and the Sixth Amendment, but does nothing more than that, and asks that certain void judgments be vacated, without saying what they are, where they were rendered, whether any state proceedings are pending or have been exhausted. Perhaps, buried in this somewhere, somehow, is a request for *habeas* relief, but drawing that conclusion at this point would be pure speculation and guesswork on the Court's part. That said, the Plaintiff did complete and file a civil cover sheet which indicates that he is invoking "federal question" jurisdiction to assert a "civil rights" claim.

The long and short of it is that the proposed Complaint is essentially incomprehensible, and provides the Court with no basis, no matter how liberal the standard, to conclude that it even comes close to stating a claim for any form of relief cognizable in this Court. Hewing to the guidance of our Court of Appeals in *Grayson v. Mayview State Hosp.*, 293 F. 3d 103 (3d Cir. 2002), because the Plaintiff is *pro se*, and he checked the "civil rights" box on the civil cover sheet, the Court will grant *in forma pauperis* status and dismiss this Complaint, but without prejudice, and will allow the Plaintiff one (1) opportunity to amend his Complaint. That must be

2

filed on or before August 22, 2014. Should he fail to do so, this civil action may be dismissed with prejudice without further notice.

An appropriate Order will enter.

*[signature]*

Mark R. Hornak
United States District Judge

Dated: July 31, 2014

cc: All counsel of record